# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH,<br><br>          Plaintiff,<br><br>    v.<br><br>BROWN, et al.,<br><br>          Defendants. | **Case No.  1:12-cv-01696-AWI-SMS (PC)**<br><br>**ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE**<br><br>**(ECF No. 12)** |

      Plaintiff Isabel Tubach ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint in this action on October 15, 2012.  (ECF No. 1.)  In the Complaint, Plaintiff appears to allege that she is being sexually abused and harassed in violation of the Eighth Amendment, though she does not identify any specific constitutional right that she feels was violated.  In addition, Plaintiff failed to state the dates of the occurrences of which she complains and merely stated many conclusions rather than detailed factual allegations.

      Thus, on June 13, 2013, an order issued requiring Plaintiff to submit a more definite statement of facts, within thirty (30) days of its issuance, to enable the Court to screen the Complaint in compliance with 28 U.S.C. § 1915A.  (ECF No. 11.)  That same order indicated that

1

Plaintiff's failure to comply as directed may result in the dismissal of this action under Rule 41(b) of the Federal Rules of Civil Procedure without further notice.  (*Id.*)

On August 12, 2013, after more than thirty days passed without any action by Plaintiff, the Court ordered her to show cause within fifteen days why this action should not be dismissed. (ECF No. 12.)  Plaintiff was warned that this action would be dismissed if she failed to respond. (*Id.*)  The fifteen-day deadline has expired and Plaintiff did not comply with or otherwise respond to either of the Court's orders.  Plaintiff was warned in the First Informational Order (ECF No. 4) that failure to comply with a court order is grounds for sanctions up to and including dismissal of this action.  Local Rule 110; Fed. R. Civ. P. 41(b).

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).  These factors are not conditions that must be met in order for a court to take action but rather guide a court in deciding what to do.  *Id.* (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the above orders, the Court is left with no alternative but to dismiss the action for failure to prosecute.  *Id.*  This action, which has been pending since 2012, can proceed no further without Plaintiff's cooperation and compliance with the orders at issue.  The action cannot simply remain idle and unprosecuted on the Court's docket.  *Id.*

Accordingly, this action is HEREBY ORDERED DISMISSED, without prejudice, for failure to prosecute.

IT IS SO ORDERED.

Dated:  September 6, 2013

SENIOR DISTRICT JUDGE